IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHELE EDWARDS, as personal representative of the Estate of Eric Edwards, and MICHELE EDWARDS, in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO DISMISS<br><br>Case No. 1:26-cv-00042-JNP-CMR<br><br>Chief District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Before this court is Defendant Metlife's motion to dismiss Plaintiff's requests for extra-contractual damages and Plaintiff's second cause of action, breach of the implied covenant of good faith and fair dealing. Dkt. No. 9. For the following reasons, the motion is GRANTED IN PART.

**BACKGROUND**

Eric Edwards had a life insurance policy with MetLife. Dkt. No. 5, p. 2. Mr. Edwards' policy covered accidental death. *Id*. at 3. On October 21, 2024, Mr. Edwards departed from a campsite in Box Elder County, Utah, driving a three-wheeled all-terrain vehicle and wearing a helmet. *Id*. The overturned vehicle was discovered approximately twenty minutes later; Mr. Edwards was found nearby, deceased. *Id*. The Box Elder County Sheriff's Office and Utah Highway Patrol conducted an investigation, which confirmed that Mr. Edwards passed away in an accident. *Id*. at 4–5. Plaintiff filed a claim with MetLife under the Federal Employees Group Life

Insurance ("FEGLI") Program. Dkt. No. 9, p. 2. MetLife has declined to pay accidental death benefits. Dkt. No. 5, p. 4.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

## DISCUSSION

### I. REQUESTS FOR EXTRA-CONTRACTUAL DAMAGES

The parties appear to agree that Plaintiff is not entitled to consequential contract damages or attorneys' fees and costs. Defendant admits that Utah law allows parties to recover consequential damages and attorneys' fees if they prevail on a claim for breach of the implied covenant of good faith and fair dealing in a dispute arising out of an insurance contract. Dkt. No. 9, p. 6. But Defendant argues that the FEGLI Program is covered by 5 U.S.C. § 8709; Section 8709(d)(1) provides that the provisions of a FEGLI life insurance contract preempt state law. Dkt. No. 9, p. 4; 5 U.S.C. § 8709(d)(1). Defendant offers the terms of the FEGLI life insurance contract to which Mr. Edwards was party, which expressly disallow consequential damages and attorneys' fees. *Id.* In response, Plaintiff stipulates to the dismissal of her requests for "extra-contractual damages and

attorney fees." Dkt. No. 17, p. 2. The court therefore grants Defendant's motion and dismisses with prejudice Plaintiff's requests for consequential damages and attorneys' fees.

## II. CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

The parties continue to dispute Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Defendant's motion to dismiss requests that the court dismiss the claim with prejudice but does not address the underlying cause of action; instead it addresses the availability of consequential damages and attorneys' fees. *See* Dkt. No. 9. Plaintiff responds that the cause of action survives because general contractual damages may be recovered under a claim for breach of the implied covenant. Dkt. No. 17, pp. 2, 4. Plaintiff further argues that the FEGLI Act does not preempt a claim for breach of the implied covenant. *Id*. at 4–5. Defendant responds that the implied covenant claim should be dismissed because it duplicates the breach of contract claim. Dkt. No. 19, p. 3. But this argument does not appear in the motion to dismiss.

"[R]eply briefs *reply* to arguments made in the response brief—they do not provide the moving party a new opportunity to present yet another issue for the court's consideration." *Novosteel Sa v. United States*, 284 F.3d 1261, 1274 (Fed.Cir.2002) (emphasis in the original). The Tenth Circuit has explained that, while "we generally do not 'review issues raised for the first time in a reply brief, we make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the [plaintiff's] brief.'" *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015) (citation omitted). But Plaintiff's response addresses only whether general contract damages are available for breach of the implied covenant and whether the FEGLI Act preempts a claim for breach of the implied covenant. Dkt. No. 17, pp. 3–5. Defendant's reply

thus does not address an issue raised in Plaintiff's response and instead raises a new issue not mentioned in the motion to dismiss. The court cannot properly consider such an issue.

## CONCLUSION AND ORDER

For the reasons above, the court GRANTS IN PART Defendant's motion to dismiss. Plaintiff's request for consequential damages and attorneys' fees and costs is DISMISSED with prejudice. Plaintiff's second cause of action, for breach of the implied covenant of good faith and fair dealing, survives the motion.

DATED October 30, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Judge
District of Utah